[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff and the defendant, whose maiden name was Helen Clark, were intermarried on August 17, 1996 at Manchester, Connecticut. One of the parties has resided continuously in this state for at least 12 months prior to March 1, 1999. There are two children issue of this marriage. Howard Odom, III, born May 5, 1997, and Hannah Odom, born July 6, 1999. The mother has received state aid in the past and on account of the Attorney General not having attended the trial, the matter of state reimbursement is reserved to the magistrate's court for further order of this court, or by stipulation of all the parties may be entered as an order in this court subject unto the entry of judgment.
Based upon the relevant, credible and admissible evidence and the CT Page 5468 reasonable inferences therefrom, this court makes the following findings of fact and conclusions of law and orders hereinafter entered.
This marriage is in serious disarray and both of the parties testified and the court concludes, without question, that the marriage has broken down irretrievably.
There are no assets of any substantial value, including the house with a negative equity, and whatever assets are in the possession of either party shall remain the property of that party, principally as evidenced by their financial affidavits.
With respect to the liabilities of the parties, their affidavits reveal that they contain approximately equal amounts of debt including their respective attorneys fees and the court orders that each shall be responsible for the debt as shown on their respective affidavits, holding the other party harmless in connection therewith. Since the plaintiff has lumped one obligation of credit cards without delineating what they are and the defendant has delineating various accounts, if any of the obligations as represented on their respective financial affidavits referred to the same account, the parties shall divide equally the liability for payment of that particular debt.
The main thrust of this case has to do with ongoing orders of custody in connection with the two minor children. These parties are unable to agree to almost anything. They do agree, however, that joint custody is not a viable option herein and the court concurs and will enter an order for sole custody as hereinafter set forth.
The evidence establishes that the mother is a very troubled person from both a medical and psychological standpoint. She has had numerous hospitalizations and inpatient treatments at Middlesex Hospital, Yale Psychiatric Institute, Elmcrest Hospital, Long Lane School and the Altobello Center for Disturbed Children. She is a psychologically and mentally fragile person.
The mother also is troubled by having been in a prior abusive relationship and continues to have ongoing problems with her former husband in connection with matters relating to their daughter, who lives with the mother.
The mother and father for a period of time were both employed at Scully Motors in Windsor until the mother was terminated there by the employer as a result of her disturbing activities at the premises. She has exhibited episodes of violence and disturbed behavior that CT Page 5469 led to her dismissal and indeed produced and delivered to the defendant a note which the court concludes to be a suicide note.
There have been numerous involvements with the Cromwell Police Department involving claims of domestic violence and orders have entered in the past. In addition, there were questionable circumstances of a motor vehicle accident in which the mother was involved in during the pendency of this action.
Both parties have a degree of collateral family support through the maternal and paternal grandparents of these minor children. The father represents a not-nearly-so-troubled background as the mother and although he has faults represents to the court the more durable and superior custodian for these children.
The bone of contention between the parties has been the provision of medical services in connection with the child, Hannah, who suffered a species of seizure disorder earlier in her life. Said problem has subsided as of the date of the trial and there is a question of ongoing care for her and her brother.
The court concludes that the better interests of the child would be served by granting sole custody of the children to the plaintiff their father, and it is so ordered. It is further directed that the plaintiff shall have, after some reasonable conferring with the mother, the final decision as to the medical care for the children. Hannah has been principally under the care of the UCONN Medical Center or the Connecticut Children's Medical Center and the plaintiff/father has sought a second opinion from the Yale medical people. In the capacity of sole guardian, the father will have the final determination as to the provision of appropriate medical services for the children, and in connection with Hannah if he shall determine to have her care guided by the Yale personnel, he shall cause her to be immediately and completely reevaluated by Yale after their consultation with UCONN medical people and a regimen of ongoing care prescribed by the Yale medical authorities. A copy of such report shall be provided forthwith to the children's attorney, Attorney George Law.
The obligation of $6,100.00 in attorney's fees for the minor children is divided equally between the parents and they shall forthwith make appropriate arrangements for satisfaction of their debt to Attorney Law with him. If they fail to do so, he may apply directly to the court for an Order of Wage Withholding.
The plaintiff/father is ordered to provide reasonable health CT Page 5470 insurance for the benefit of the minor children as available from time to time through his employment and, if not, to enroll them in an appropriate medical assistance program. The parties have been on a somewhat intricate and extended joint custody plan with the children but the court feels that much of this shifting back and forth of these youngsters ought to be lessened for an appreciable period into the future and allow them to settle down to a somewhat more normal home life. In accordance with this determination, it is ordered that the defendant/mother shall have visitation with her children alternate weekends commencing at 7:00 p.m. on Friday and ending at 7:00 p.m. on Sunday. Each parent shall be allowed two weeks summer vacation with the children and there is reserved herein the last two weeks of July in order to allow the father to take the children to Florida to see their grandparents. The mother shall forthwith give notice to the father of the two weeks vacation that she would opt to exercise for the upcoming summer period.
It is ordered that the Social Security benefits presently being paid on behalf of Hannah shall be redirected to the father who shall apply to them to her ongoing care. The minor child, Howard, shall be seen by a psychologist and/or a therapist for the purpose of determining whether or not any ongoing counseling is recommended for him.
Each of the parties shall designate the children as irrevocable beneficiaries of any existing life insurance available to them through their respective employers for the period of the children's minority.
Transfer the children for purposes of the exercising of the mother's visitation shall take place at the maternal grandparent's home. The holidays shall be equally divided between the parties.
The defendant/mother shall pay to the plaintiff/father the sum of $54.00 per week as support of the minor children. In addition, child care expenses shall be allocated to the parties in accordance with the child support guidelines.
The diamond ring of the mother's remains her sole property and she may dispose of it, if she wishes, in order to satisfy her portion of the children's attorney's fees.
The plaintiff/father shall have the right to claim the children for tax exemption purposes, until such time as the mother's income shall rise to a level of $20,000.00 at which time the parties shall each claim one of the children. CT Page 5471
With respect to the division of the holiday, birthday and Mother and Father's Day periods, the court directs that counsel for the parties propose a joint schedule of said visits, and if they shall fail to so agree, counsel for the plaintiff shall submit to the court a proposed schedule of visitation for consideration and adoption by the court, which schedule shall be a part of this Memorandum of Decision nunc pro tunc.
This marriage having broken down irretrievably, the court enters a decree of dissolution thereof.
It is so ordered.
___________________, J. HIGGINS